

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,485-01

### EX PARTE SCOTTY D. JUSTICE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2010-427,049-A IN THE 137TH DISTRICT COURT
### FROM LUBBOCK COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault and one count of aggravated assault. He was sentenced to imprisonment for two terms of seventy-five years and one term of ninety-nine years. The Seventh Court of Appeals dismissed his appeal. *Justice v. State*, No. 07-13-00139-CR (Tex. App.—Amarillo June 4, 2013) (not designated for publication).

Applicant contends that appellate counsel failed to timely file a notice of appeal. The trial court determined that appellate counsel failed to timely file a notice of appeal. We find that

Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number 2010-427,049 from the 137th District Court of Lubbock County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered:     February 27, 2019

Do not publish